UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GARCIA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CLEAN EARTH ENVIRONMENTAL<br>SOLUTIONS, INC., et al.,<br><br>　　　　　Defendants. | No. 2:26-cv-00251-DJC-SCR<br><br><br>ORDER |

Plaintiff Ernest Garcia originally filed suit in the Sacramento County Superior Court against his former employer, Clean Earth Environmental Solutions, Inc., and his former supervisor, Steven Allgood.  The core of Plaintiff's claims is that, as a result of a disability and race, Plaintiff was subject to harassment and discrimination, ultimately resulting in his termination.

Defendant Clean Earth removed this action, asserting that the Court has jurisdiction via diversity of citizenship between Defendant Clean Earth and Plaintiff, and that Defendant Allgood's citizenship could be disregarded as he is a sham defendant.  (Notice of Removal (ECF No. 1) ¶¶ 18–20.)  Plaintiff has now filed a motion requesting that the Court remand this action to the Sacramento County Superior Court.  (ECF No. 14.)

1

For the reasons stated below, Plaintiff's Motion is granted.

**BACKGROUND**

In the operative complaint, Plaintiff alleges that he was hired by Defendant Clean Earth in January 2024 to work as a delivery driver. (Compl. (ECF No. 1-1, Ex. A) ¶ 10.) In June 2024, Plaintiff claims he was injured while making a delivery. (*Id.* ¶ 12.) Plaintiff sought medical treatment and was given restrictions on certain job duties that were provided to Defendant Clean Earth. (*Id.* ¶ 13.) Plaintiff later lodged a complaint regarding access to a disabled parking spot, but no action was taken. (*Id.* ¶ 14.) Plaintiff also claims that he was subject to racially offensive and discriminatory comments, but no action was taken to address Plaintiff's complaints about this conduct. (*Id.* ¶ 15.) In August 2024, Plaintiff was suspended and later terminated from employment. (*Id.* ¶¶ 16–17.) Plaintiff asserts that he was suspended and ultimately terminated from his position due to his disability, his need for accommodations, and his complaints related to the failure to accommodate his disability, and his complaints about racial harassment and discrimination in the workplace. (*Id.*) Plaintiff asserts Defendant Allgood was liable in connection with his first cause of action for racial harassment as he was Plaintiff's supervisor.[1] (*Id.* ¶ 24 (citing California Government Code §§ 12926(t), 12940(j)(3)).)

Briefing on the Motion to Remand is complete. (Mot. (ECF No. 14-1); Opp'n (ECF No. 17); Reply (ECF No. 19).) This matter is taken under submission without oral argument pursuant to Local Rule 230(g).

**MOTION TO REMAND**

**I. Legal Standard**

A case may be removed to federal court if that court would have original jurisdiction over the matter, which generally requires asserting federal question

---

[1] Defendant Clean Earth notes in a footnote in their opposition that "[t]o Defendants' knowledge, to date, Allgood has not been served with Plaintiff's Complaint." (Opp'n at 2 n.1) Defendant Clean Earth does not argue that this is a basis to deny Plaintiff's Motion and thus is not addressed by this Order.

jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citation omitted)) (cleaned up)). As a result, "[t]he 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)).

Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two stringent standards are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter, 582 F.3d at 1044–46 (citations omitted)). Defendant Clean Earth challenges the joinder of Defendant Allgood on the second basis, which requires Defendant Clean Earth to show there is no possibility that a state court would find that the Complaint states a cause of action against Defendant Allgood. *See id.* (quoting *Hunter*, 582 F.3d at 1046). Defendant Clean Earth "bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046) (alteration included).

Establishing an inability to state a cause of action against the non-diverse defendant requires more than showing that the claim does not meet the standards for a motion to dismiss under Rule 12(b)(6). Rather, the court must determine "[whether] there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)) (emphasis

3

added); *Grancare*, 889 F.3d at 549–50 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 12-cv-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases).

As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert procedural defenses and immunities that are distinct from the underlying merits of the claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); *Grancare*, LLC, 889 F.3d at 548–49 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits.") (collecting cases). For example, a successful statute of limitation challenge, *see Ritchey*, 139 F.3d at 1320 and *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), a state law privilege, *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), or other inability to hold the defendant liable, *see United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002), are instances in which fraudulent joinder may be established because those defenses render the claim "impossible."

## II.  Discussion

In removing this action to this Court, Defendant Clean Earth asserted that removal was proper because Defendant Allgood was a sham Defendant. Plaintiff now seeks remand of this action, arguing that Defendant Allgood is a proper defendant and, as such, there is not complete diversity of the parties. Plaintiff's sole claim against Defendant Allgood is his First Cause of Action for racial harassment in violation of California Government Code section 12900, *et seq.* (Compl. at 4–5.) Plaintiff asserts that Defendant Allgood is liable for the racial harassment he endured by virtue of Defendant Allgood's role as Plaintiff's supervisor. (*Id.* ¶ 24.)

In their Opposition, Defendant Clean Earth argues that they have "established sham joinder based on the lack of facts in Plaintiff's Complaint to establish harassment." (Opp'n at 7.) Defendant Clean Earth contends that, as alleged, the conduct in the complaint is conclusory and fails to identify any actionable "severe or pervasive" conduct by Defendant Allgood that would support a harassment claim. (*Id.*) However, this alone does not establish that Defendant Allgood is a sham defendant.

The question for purposes of fraudulent joinder is not whether the Court would grant a motion to dismiss under Rule 12(b)(6). Defendant Clean Earth does not contend that Plaintiff's claims are barred by procedural defenses and immunities. Instead, Defendant Clean Earth argues that Plaintiff has not pled sufficient facts to state a claim. As such, Defendant Clean Earth bears a "heavy burden" to prove that Defendant Allgood was fraudulently joined. Defendant Clean Earth has not carried this burden by simply establishing that Plaintiff's allegations are insufficient as currently pled. *See Grancare, LLC*, 889 F.3d at 548. The current allegations in the Complaint may be conclusory and fail to state a claim against Defendant Allgood. Indeed, Defendant Clean Earth is correct that the Complaint contains limited allegations related to Defendant Allgood. As the Court reads the limited Ninth Circuit caselaw in this area, the failure to allege adequate facts to state a claim is insufficient to make a showing of a sham defendant. Or to put it another way, the possible present inadequacy of the pleadings does not show that Plaintiff will ultimately be unable to state a racial harassment claim against Defendant Allgood. *See id.*

Accordingly, the Court finds that Defendant Clean Earth has not met its burden to show fraudulent joinder. As such, Plaintiff's Motion to Remand must be granted as there is not complete diversity of the parties. 28 U.S.C. § 1447(c); *see* 28 U.S.C. § 1332(a).

**REQUEST FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c)**

Plaintiff's Motion also includes a request for attorneys' fees under 8 U.S.C. § 1447(c) on the basis that there was no objectively reasonable basis for removal. (Mot. at 10–11.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court does not find that Defendant Clean Earth lacked an objectively reasonable basis for removing this action. As such, Plaintiff's request for attorneys' fees is denied.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand (ECF No. 14) is GRANTED.

2. Plaintiff's Request for Attorneys' Fees under 28 U.S.C. § 1447(c) is DENIED.

3. The hearing set for May 7, 2026, is VACATED.

4. The Clerk of Court is directed to remand this case to the Superior Court of California, County of Sacramento, and close this case.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

6